UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT D. WAMPLER, | ) |
|       Petitioner, | ) ) ) |
|       v. | )    No. 2:23-cv-00145-JMS-MG |
| ZATECKY, | ) ) ) |
|       Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Scott Wampler for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 22-12-0213. For the reasons explained in this Order, Mr. Wampler's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On December 21, 2022, security threat group coordinator K. Nauman charged Mr. Wampler with offense A-102, battery, in case ISF 22-12-0213. Dkt. 11-1. The report of conduct states:

> On 12/21/22 at approximately 9:00 AM, I, Security Threat Group Coordinator K. Nauman became aware of a possible battery that took place on 12/9/22 at approximately 10:52 AM in 12 North A Side Latrine. I reviewed recorded video footage for the date of 12/9/22 and observed Offender Wampler, Scott 108084 punch Offender Peters, Kacee 290953 in the face causing Peters to [lose] footing, fall and hit his head on the concrete wall. Offender Peters stood up and staggered as he attempted to stand. Based on my experience as a Correctional Professional for close to the last decade and as a Correctional Police Officer who has investigated multiple battery incidents, I determined that Offender Peters lost mobility in his basic motor functions because he was hit in the face and hit[] his head on the wall. Peters['s] behavior was consistent of an individual who had lost consciousness for a moment. Offender Wampler was identified by recorded video footage.

*Id.*

On December 28, 2022, the screening officer notified Mr. Wampler of the charge and provided him with copies of the report of conduct and the notice of disciplinary hearing (screening report). Dkt. 11-1; dkt. 11-2. Mr. Wampler signed both reports. *Id.* He did not waive 24-hours' notice of the hearing and pleaded not guilty. Dkt. 11-2. He also requested a lay advocate, and one was appointed. *Id*. Mr. Wampler requested Kacee Peters as a witness and expected him to say: "It was just a fight." *Id.* He also requested the video. *Id.* The next day, Mr. Peters submitted a witness statement, which said: "This was a fight that I instigated. I threw the 1st punch as well. You guys are making this more than it is. It's not a gang issue. We were only fighting." Dkt. 11-8.

In addition, Sergeant Thrasher wrote a video summary, which states:

> On 12/29/2022 I Sgt. Thrasher was reviewing the camera system for date of 12/09/2022 and time of 1052 in 12NA. I observed you Wampler, Scott # 108084 walk up to bed 37A and look to have a conversation with offender Thompson, Jeremiah #108341 and offender Cooksey, Ricky # 134549. I then observe Wampler

> walk away and start a verbal conversation with offender Peters, Kacee # 290953 before he walks into the 5th cube and Wampler proceeds into the A-side latrine. Peters can be seen entering the latrine with Thompson, Campbell, and where Wampler is pacing back and forth. A physical altercation begins between Wampler and Peters. I observe you both utilizing closed fist strikes, Offender Thompson pulls offender Campbell away from the latrine when he looks to be trying to get involved with the altercation. Wampler then lands a closed fist strike to Peters head causing his legs to buckle and him to fall to the ground with out control. Peters looks to be unconscious do to the lost acute motor skills and unable to stand and walk with out assistance. Offender Cooksey escorts Peters to the back of the latrine and Wampler, Thompson, and Campbell exit the latrine. Shortly after Cooksey and Peters can be seen exiting the latrine.

Dkt. 11-7. (errors in original). The facility did not allow Mr. Wampler to view the video because "allowing the offender to see the limitations/angle of the camera will jeopardize the safety and security of the facility." *Id.*

On January 13, 2023, Peters executed an affidavit, which said:

> I, KACEE PETERS 290953, BEING FIRST DULY SWORN UPON OATH, DEPOSE AND SAY AS FOLLOWS: On 12/9/22 I and offender Wampler did engage in a fight. It was an altercation JUST between him and me. Other people came to see what was happening because that's what happens when people in prison have nothing better to do. We went in the bathroom and fought. He did catch me with a punch. I fall and stood right back up and the fight was over, he walked away. I walked out of the bathroom shortly after him. **At no time did I lose consciousness or need medical treatment. When they found out about the incident I was taken to medical and they found NO INJURY. I wasn't hurt.** The only reason I made the staff aware of the incident the next day was because I wanted to move dorms anyway.

Dkt. 11-9 (emphasis in original).

After two continuances, the disciplinary hearing officer (DHO) held the disciplinary hearing. Dkt. 11-4; dkt. 11-5; dkt. 11-6. Mr. Wampler pleaded not guilty and stated: "No evidence proving he lost consciousness. (Written statement attached)" Dkt. 11-6 at 1. Mr. Wampler's attached written statement says:

> #1. I'm being charged with a 102 "battery against Offender". The definition of this offense is, committing battery against another offender (1) with a weapon; (2) with

> bodily fluids, including but not limited to saliva, urine, feces, semen, or blood; or (3) resulting in serious bodily injury.
>
> Serious bodily injury is defined as: Any injury which would ordinarily require medical treatment (normally more extensive than mere first aid, such as bandaging a wound; but which might include stitches, setting broken bones, treatment of concussion, etc.) and/or that creates a substantial risk of death or that causes:
>
> - Serious, permanent disfigurement
> - Unconsciousness
> - Extreme pain
> - Permanent or protracted loss or impairment of the function of a bodily member or organ; or,
> - Loss of a fetus.
>
> In the video footage you (sgt. Thrasher) wrote that **you observed both me and offender peters utilizing closed fist strikes.** There's no weapon, bodily fluids, saliva, urine, feces, semen, or blood being used. He doesn't have to go to medical for any reason and furthermore his medical report reports no injuries. **You wrote that you see Peters exit the latrine shortly after me. So there's no serious bodily injury.**
>
> This charge is more suited to the offense
>
> #2. 372 fighting is defined as participating in a situation where two (2) or more people are trying to injure each other by any physical means where no weapons are involved and no serious injury occurs.

*Id*. at 2. (emphasis in original). The hearing report also noted that Mr. Wampler's request for Mr. Peters' medical records was denied. *Id.* at 1.

Considering the staff reports, Mr. Wampler's statement, the evidence from witnesses, and the video, the DHO found Wampler guilty of offense B-212, battery against offender. *Id.* The DHO amended the charge from A-102 to B-212 "due to video evidence and offender witness statement." The DHO sanctioned Mr. Wampler to a 30-day suspended credit time deprivation, which was later imposed in ISP 22-23-0214. *Id.*; dkt. 11-10.

Mr. Wampler appealed to the Facility Head and the IDOC Final Reviewing Authority, and both appeals were denied. Dkt. 11-11; dkt. 11-12. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.     Analysis

In support of his petition for a writ of habeas corpus, Mr. Wampler argues that the evidence was not sufficient to support the disciplinary conviction and that the disciplinary write up was "out of their time line." Dkt. 1 at 2.

#### 1. Sufficiency of the Evidence

The first two grounds of Mr. Wampler's habeas petition state: "there's no injury and he's not in pain" and "Peter's own witness statement and sworn affidavit." Dkt. 2. These grounds are understood as a challenge to the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Wampler was charged with A-102, battery against offender, but he was found guilty of the lesser offense of B-212, also battery against offender.[1] Dkt. 11-6. Offense B-212 is defined as "committing a battery against another offender resulting in bodily injury." Dkt. 11-13 at 6. The Disciplinary Code for Adult Offenders ("DCAO") defines battery as "Knowingly or intentionally touching another person in a rude, insolent or angry manner; or in a in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." Dkt. 11-14 at 3. The DCAO defines bodily injury as "any impairment of physical condition, including physical pain." *Id.* The evidence included the conduct report and the video summary which state that Mr. Wampler punched Mr. Peters in the face, causing Mr. Peters to fall and hit his head on a concrete wall. Dkt. 11-1; dkt. 11-7.[2] In addition, Mr. Peters' witness statement and his affidavit both say that he and Mr. Wampler were engaged in a physical fight. Dkt. 11-8; dkt. 11-9. The affidavit adds that Mr. Wampler "did catch (Mr. Peters) with a punch" but denies that Mr. Peters lost consciousness, asserting instead that Mr. Peters suffered no injury. Dkt. 11-9. It is therefore undisputed that Mr. Wampler punched Mr. Peters, causing him to fall to the floor. This is some evidence to support the conclusion that Mr. Wampler touched Mr. Peters in a "rude, insolent or angry manner" and caused him "physical pain." *See* dkt. 11-14 at 3. Although Mr. Peters submitted an affidavit stating that he was not injured, this is not enough for the Court to determine that Mr. Wampler's battery conviction was not supported by some evidence. *See Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

---

[1] Mr. Wampler does not challenge the amendment of the disciplinary charge. Indeed, he had enough notice of the amended charge as required by due process because the conduct report was "sufficient to apprise [him] that he could be subject to a [different] charge," and he had all the information necessary to prepare a defense against that charge. *Northern v. Hanks*, 326 F.3d 909, 910-11 (7th Cir. 2003) (citations omitted).
[2] Further, the Court has reviewed the video of the incident and finds that the conduct report and video summary accurately reflect the altercation. Dkt. 12.

Because the evidence was sufficient to find Mr. Wampler guilty of battery, he has not shown that his due process rights were violated.

### 2. Timeline

Next, Mr. Wampler is understood to claim that prison officials violated IDOC policy by not charging him within the timeline provided by the DCAO. Dkt. 2 at 2. The DCAO states that a report of conduct should be submitted "as soon as practicable (preferably within 24 hours from the date of the incident or becoming aware of the incident)." Dkt. 11-14 at 20. Here, the offense occurred on December 9, 2022, and security threat group coordinator Nauman became aware of it on December 21, which is the date when he wrote the conduct report. Dkt. 11-1. Next, according to the DCAO, Mr. Wampler had to be screened within seven days of the date of the incident or the date when the staff person became aware of it. Dkt. 11-14 at 20. Mr. Wampler was notified of the charge within seven days because screening occurred on December 28, 2022. Dkt. 11-2. And even if the officials had not complied with the DCAO, any violation of departmental policy is not a basis for habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 68 at n. 2, (1991) ("state-law violations provide no basis for federal habeas review."); *see Keller v. Donahue*, 271 Fed. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Mr. Wampler to the relief he seeks.

His petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/29/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SCOTT D. WAMPLER
108084
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Erica Sue Sullivan
INDIANA ATTORNEY GENERAL
erica.sullivan@atg.in.gov

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov